UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RONY SANTAMARIA ORELLANA,

    Petitioner,

v.

NIKITA BAKER,
*in her official capacity as Director of
Baltimore Field Office,
U.S. Immigration and Customs Enforcement,*
TODD LYONS,
*in his official capacity as Acting Director of
U.S. Immigration and Customs Enforcement,*
KRISTI NOEM,
*in her official capacity as
Secretary of Homeland Security,*
U.S. DEPARTMENT OF
HOMELAND SECURITY, and
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondents.

Civil Action No. 25-1788-TDC

**ORDER**

Petitioner Rony Santamaria Orellana has filed a Motion for a Temporary Restraining Order ("TRO") against Respondents Nikita Baker, the Director of the Baltimore Field Office of United States Immigration and Customs Enforcement ("ICE"); Todd Lyons, Acting Director of ICE; Secretary of Homeland Security Kristi Noem; the United States Department of Homeland Security ("DHS"); and ICE (collectively, "Respondents" or "the Government"). The Motion seeks an order barring the removal of Santamaria Orellana from the United States before he receives a hearing with an Immigration Judge on the issue of whether he has a reasonable fear of removal to Mexico, based on the argument that such a hearing is required by 8 C.F.R. § 1208.31(g) and due process.

The Government received notice of the Motion, and the Court held a hearing on the Motion on September 11, 2025 at which both sides presented oral argument. At the conclusion of the hearing, and upon consideration of the specific arguments made by both sides, the Court granted the Motion for the reasons stated on the record, incorporated here by reference, and as summarized below.

To obtain a TRO, the moving party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (applying this standard to a TRO). The third and fourth factors merge when the Government is the opposing party. See *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, the Court finds that there is a likelihood of success on the merits, specifically, as to Santamaria Orellana's claim that due process requires that, pursuant to 8 C.F.R. § 1208.31(g), he must receive a hearing before an Immigration Judge on the issue of whether he has a reasonable fear of persecution if removed to Mexico.

Second, the Court finds that there is a likelihood of irreparable harm in the absence of preliminary relief. Where the Government has stated its intent to remove Santamaria Orellana promptly in the absence of a TRO, such harm includes the deprivation of a constitutional right, separation from family members that cannot be remedied based on the Government's previously stated position that it has no ability to return a removed individual to the United States, and the risk of persecution if Santamaria is removed to Mexico, including if he is then returned to El Salvador.

Third, the Court finds that the balance of the equities and the public interest favor the granting of a TRO. While the Government has a legitimate interest in removing individuals who

have no right to be in the United States, a TRO will cause only a minimal delay to such an action against Santamaria Orellana, and this interest is outweighed by the public interest in upholding constitutional rights and providing due process to individuals subjected to governmental actions restricting their liberty.

Thus, for the reasons stated on the record at the hearing and as discussed above, the Court finds that all four requirements for granting a TRO have been met.

Accordingly, it is hereby ORDERED that:

1. The Motion for a Temporary Restraining Order, ECF No. 28, is GRANTED as set forth below.

2. **Temporary Restraining Order**

    a. Respondents Nikita Baker, the Director of the Baltimore Field Office of United States Immigration and Customs Enforcement ("ICE"); Todd Lyons, Acting Director of ICE; Secretary of Homeland Security Kristi Noem; the United States Department of Homeland Security; and ICE, as well as all of their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert and participation with them, are enjoined from removing Petitioner Rony Santamaria Orellana from the continental United States or altering his legal status before he receives a hearing with an Immigration Judge on the issue of whether he has a reasonable fear of removal to Mexico, without specific authorization by this Court or until vacation or expiration of this Order.

    b. Pursuant to Federal Rule of Civil Procedure 65(c), Petitioner is required to post with this Court a bond of $100, which must be posted within 24 hours of the issuance of this Order.

    c.    This TRO shall take effect immediately and shall expire on **Thursday, September 25, 2025 at 4:00 p.m.**, unless otherwise extended by further order.

3. A violation of this Temporary Restraining Order shall subject Respondents and all other persons bound by this Order to all applicable penalties, including contempt of court.

4. Respondents are directed to ensure that the custodian of Petitioner Rony Santamaria Orellana is served with this Order immediately.

Date: September 11, 2025

THEODORE D. CHUANG
United States District Judge