UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RONY SANTAMARIA ORELLANA,<br><br>    Petitioner,<br><br>v.<br><br>NIKITA BAKER,<br>*in her official capacity as Director of the Baltimore Field Office,*<br>*U.S. Immigration and Customs Enforcement,*<br>TODD LYONS,<br>*in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,*<br>KRISTI NOEM,<br>*in her official capacity as Secretary of Homeland Security,*<br>U.S. DEPARTMENT OF HOMELAND SECURITY, and<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Respondents. | Civil Action No. 25-1788-TDC |

**ORDER**

On October 7, 2025, after finding that the re-detention of Petitioner Rony Santamaria Orellana violated his right to due process of law under the Fifth Amendment to the United States Constitution, the Court ordered Respondents to release Santamaria Orellana from the Baltimore Field Office of U.S. Immigrations and Customs Enforcement ("ICE") on or before Friday, October 10, 2025 at 4:00 p.m. As an accommodation to Respondents, the Court provided them with the opportunity to have the release order suspended if they could produce, by October 10, 2025 at 12:00 noon, "direct evidence that an ICE Executive Associate Director or ICE Field Office Director made the determination to revoke Santamaria Orellana's release on September 10, 2025"

and if "the Court, upon review of such evidence, issues an Order suspending the release requirement." Order ¶ 2, ECF No. 48. Respondents have now submitted the Declaration of Nikita Baker, the Acting Director of the ICE Baltimore Field Office, to address this issue.

Upon review of the declaration in conjunction with the remainder of the record, the Court finds that it is internally inconsistent, inconsistent with prior representations by Respondents, and therefore does not establish that an ICE Field Office Director made the determination to revoke Santamaria Orellana's release on September 10, 2025. As this Court stated in its October 7, 2025 Memorandum Opinion, 8 C.F.R. § 241.4(*l*)(2) specifies that only an ICE Executive Associate Director or an ICE Field Office Director may make the decision to revoke release. However, Baker's declaration asserts that, in contradiction of the express language of 8 C.F.R. § 241.4(*l*)(2), "[t]he Assistant Field Office Director is responsible for the decision to revoke the petitioner's Order of Supervision." Baker Decl. ¶ 16, ECF No. 50-1. The declaration further states that Assistant Field Office Director José Guerrero signed Santamaria Orellana's Notice of Revocation of Release and claims that he had the delegated authority to do so "pursuant to internal ICE ERO Baltimore delegation of authority memoranda." *Id.* ¶ 17. Respondents, however, did not provide a copy of this delegation of authority or provide any basis to conclude that such a delegation could properly empower an Assistant Field Office Director to take this action. Particularly where Respondents' prior invocation of a delegation of authority proved to be incorrect, Mem. Op. at 7–8, ECF No. 47, the Court cannot rely on this unsupported claim that Guerrero had the authority to make the decision under 8 C.F.R. § 241.4(*l*)(2).

Moreover, in light of the affirmative assertions that Guerrero was responsible for the decision to revoke Santamaria Orellana's release and had the delegated authority to do so, the Court finds that the additional statement that Baker "authorized José Guerrero to sign the Notice

of Revocation of Release on my behalf," Baker Decl. ¶ 17, is arguably inconsistent with those claims and leaves important unanswered questions, including whether this statement is a reference to the purported delegation or to a specific decision relating to Santamaria Orellana, and whether any specific authorization was provided before the Notice was issued and Santamaria Orellana was re-detained. In this context, it is also notable that Baker's present statement that the "circumstances did not reasonably permit referral to the Executive Associate Director," *id.* ¶ 19, does not represent that Baker made such a determination at the time of the decision to revoke. *See* 8 C.F.R. § 241.4(*l*)(2).

Finally, Baker's statements relating to Guerrero, his actions, and his source of authority directly conflict with Respondents' representations in their memorandum in opposition to the Motion for a Preliminary Injunction, in which they asserted on multiple occasions that the Notice of Revocation of Release was signed by Deportation Officer Jefferson King, then proceeded to argue that King had delegated authority to make that determination under Department of Homeland Security Delegation No. 7030.2. *See* Opp'n at 2, 4, 5, ECF No. 37. Particularly where Respondents have provided no explanation for its contradictory claims about the signor and the source of authority for his action, the Court cannot fully credit Respondents' submission.

Under these circumstances, the Court cannot find on the present record that the requirements of 8 C.F.R. § 241.4(*l*)(2) were satisfied.

Accordingly, it is hereby ORDERED that Respondents shall release Petitioner Rony Santamaria Orellana from the ICE Baltimore Field Office on or before **Friday, October 10, 2025 at 4:00 p.m.**, in accordance with this Court's October 7, 2025 Order.

Date: October 10, 2025

THEODORE D. CHUANG
United States District Judge